Ronald Wilcox, State Bar No. 176601
Attorney at Law
1900 The Alameda, Suite 530
San Jose, CA 95126
Phone: 408-296-0400
Fax: 408-296-0486



Attorney for Plaintiff KERRY WANGEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

KERRY WANGEN, )
 )
    Plaintiff, )
 )  CV12-03889 PZ
v. )  Civil Case No.
 )
NATIONAL CREDIT SOLUTIONS, LLC., )
CAPITAL ASSISTANCE GROUP, LLC, )  **COMPLAINT AND DEMAND FOR**
AND DOES 1-10. )  **JURY TRIAL**
 )
    Defendants. )
 )
 )
 )

## COMPLAINT

### I. INTRODUCTION

1. Defendants provided false information to Experian and Transunion credit reporting agencies regarding Plaintiff, preventing her from obtaining the mortgage loan she desired.  Defendant also intruded upon Plaintiff's seclusion and privacy, and engaged in impermissible communications with Plaintiff's parents, in an attempt to collect a debt not even owed.  Defendants engage in a pattern and practice of abusive and deceptive credit reporting and collection practices, in an attempt to pressure consumers to repay debts, as is evidence by a complaint by the Montana Attorney General. See https://doj.mt.gov/consumer/current-campaigns/movie-gallery-lawsuit/

1

Complaint and Demand for Jury Trial (Unlawful Debt Collection Practices)

2. Defendant harmed Plaintiff by causing physical injury, including stress related physical pain (plaintiff has a medical condition which has left her with weakened bone density), and emotional distress, including anxiety, stress, embarrassment, worry, concern, stress, frustration, fear, anger, humiliation, crying fits, loss of sleep; and deprived her of the American dream of owning a home.

3. According to 15 U.S.C. §1692:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

5. Plaintiff KERRY WANGEN ("Plaintiff") is a natural person residing in Los Angeles County, California.

6. Defendant NATIONAL CREDIT SOLUTIONS, LLC ("National Credit") is a Oklahoma Limited Liability Corporation doing business in this state with its principal place of business located at 3680 E I-240 Service Road, Oklahoma City, OK 73135-1737. Its principal purpose if the collection of

defaulted debts that were once owed to another. National Credit regularly attempts to collect debts owed another and/or purchases defaulted debts to attempt to collect on. Defendant is a "debt collector" as that is defined by 15 U.S.C. 1692a(6) and Civil Code § 1788.2.

7. Defendant CAPITAL ASSISTANCE GROUP, LLC ("Capital Assistance") is a Massachusettes company doing business in this state with its principal place of business located at Two Wells Avenue, Newton, MA 02459. Its principal purpose if the collection of defaulted debts that were once owed to another. Capital Assistance regularly attempts to collect debts owed another and/or purchases defaulted debts to attempt to collect on. Defendant is a "debt collector" as that is defined by 15 U.S.C. 1692a(6) and Civil Code § 1788.2.

8. Defendants are the entities or individuals who contributed to or participated in, or authorized the acts or conspired with the named Defendants to commit the acts and do the things complained of which caused the injuries and damages to Plaintiff as set forth below. Each of the parties, named and fictitious, acted as principal and agent, each of the other, and combined and concurred each with the others in committing the acts that injured the Plaintiff.

9. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C.§1692a(3).

10. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C.§1692a(5).

11. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code §1788.2(h).

12. The purported debt which Defendant attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

13. Defendants Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to Plaintiff, and who therefore are sued by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to Plaintiff. Plaintiff will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

14. The Plaintiff alleges that at all times herein mentioned, each of the Defendants were, and is now, the agent, servant, employee and/or other representative of the other Defendants, and in doing the things

herein alleged, was acting in the scope, purpose and authority of such agency, service employment, and/or other representative capacity with the permission, knowledge consent and ratification of the other Defendants. Defendants authorized, approved and/or ratified the acts herein.

15. Any reference hereinafter to "Defendant" or "Defendants" or "Defendant" without further qualification is meant by the Plaintiff to refer to all the defendants above.

### III. FACTUAL ALLEGATIONS

#### SBC DSL Service Unavailable at New Address

16. On or about December 21, 2005, Plaintiff moved to a new residence.

17. Plaintiff attempted to retain her telephone and Internet service with SBC, but was told the company could not offer DSL Internet at her new address. Plaintiff's agreement with SBC indicated there would be no early termination fee in the event the company was unable to provide services.

18. On or about January 12, 2006, Plaintiff spoke with Ed at SBC (Tel#: 877-722-3755). SBC indicated it would waive the DSL early termination fee since there was no service they could provide.

19. Around that time AT&T and SBC merged, and Plaintiff had to again explain the situation. Again Plaintiff was told the matter was resolved and no early termination fee was owed.

#### Attempts to Collect Debt Not Owed

20. On or about May 16, 2006, Allied Interstate mailed a Plaintiff a collection letter (addressed to her home in Seal Beach, CA), demanding $198.30 for an alleged debt to AT&T.

21. Plaintiff called Allied Interstate and mailed them a letter explaining that no debt was owed. Plaintiff was told it was resolved, and never heard from them again.

22. On or about October 13 and 22, 2007, KCA Financial mailed Plaintiff a collection letter (addressed to her home in Seal Beach, CA) about the alleged debt to AT&T.

23. Plaintiff was told the matter was resolved, with this new information, and never heard from them again.

#### Plaintiff Disputes Debt to National Credit Solutions

4

Complaint and Demand for Jury Trial (Unlawful Debt Collection Practices)

24. On or about June 3, 2009, Capital Assistance, through its agent National Credit, mailed Plaintiff a collection letter (addressed to her new home in Austin, TX), attempting to collect on the disputed debt to AT&T.

25. Defendants are in the business of attempting to collect debts that have been defaulted on by consumers, they use mail, the phone, and credit reporting to accomplish that goal.

26. On or about June 12, 2009, Plaintiff mailed National Credit a letter disputing the alleged debt, informing the company that the debt had been resolved, and requesting that her credit report be corrected, and proof of such be mailed to her. The letter served to put Defendants on notice Plaintiff refused to pay the debt, and required Defendants to cease attempting to communicate with Plaintiff in an attempt to collect the debt.

27. In her June 12, 2009 letter, Plaintiff provided Defendant with her Austin, TX address.

28. On July 16, 2009, Defendant mailed Plaintiff a letter, to her Austin, TX, address, stating that it was providing verification of the debt to Pacific Bell, which also included a last known billing address in Seal Beach, CA.

29. On or about July 16, 2009, Plaintiff called National Credit on the telephone.

30. Plaintiff spoke to Zoe and Michelle at National Credit. Again she told this company what she had told the others, and why the debt was not owed.

31. Defendant was unable to provide any details regarding the alleged debt. Plaintiff believed the matter was resolved, as it had been with her calls to the previous debt collectors attempting to collect this alleged debt.

**Plaintiff Denied Credit Based on False Credit Report**

32. On or about October 29, 2009, Plaintiff was denied a credit card due to negative information appearing on her consumer credit report.

33. Defendants furnish information to credit reporting agencies on a routine basis. Most furnishers provide information to the credit reporting agencies on a monthly basis.

34. Defendants furnished false information to Experian Information Solutions, LLC, including on May 2011, September, 2011, and October 2011.

5

Complaint and Demand for Jury Trial (Unlawful Debt Collection Practices)

35. Defendants also furnished false information to Experian Information Solutions, LLC, including on April, June, July and August 2009.

36. Defendants furnished false information to the Transunion credit-reporting agency, including on October 2011.

37. On or about October, 2011, Plaintiff's attempt to obtain a home mortgage loan was negatively impacted by derogatory information, regarding the alleged SBC/AT&T debt, appearing on her Experian and Transunion credit reports.

38. There were no other derogatory items in her credit file.

39. Plaintiff was informed she would be required to pay a higher down payment, higher interest rate, and higher monthly mortgage payment as a direct result of these negative items appears on her credit reports.

40. This false information furnished by Defendants appear on Plaintiff's Experian and Transunion credit reports, prevented Plaintiff from obtaining the mortgage loan she desired.

41. On or about October 27, 2011, Plaintiff called National Credit Solutions.

42. On or about October 27, 2011, Tamika, of National Credit Solutions told Plaintiff that the company reported credit information about Plaintiff to two (2) credit-reporting agencies, and that there is "nothing we can do" to fix the problem.

43. Plaintiff requested to speak to a manager and was transferred to Sue, who was aggressive and rude, and said all we have to do by law is send you the letter we sent in June 2009.

44. Tamika said that National Credit need not address Plaintiff's dispute letter of June 12, 2009.

45. Tamika said that by law National Credit Solutions used the acquisition date as the date of the default of the debt.

46. National Credit made false, deceptive and misleading statements in an attempt to collect a debt.

47. National Credit falsely represented the nature, amount or character of a debt.

48. National Credit took action they could not legally take in an attempt to collect a debt.

**Impermissible Calls to Plaintiff's Parents**

49. Plaintiff has not lived in Minnesota since 2005. When Plaintiff did live in Minnesota she did not live at her parent's current address.

6

Complaint and Demand for Jury Trial (Unlawful Debt Collection Practices)

50. Plaintiff's parents voicemail greeting identifies the husband and wife, the occupants of the household.

51. Plaintiff's parent's voicemail greeting does not indicate Ms. Wangen lives with her parents in Minnesota.

52. Defendant knew Plaintiff did not live with her parents in Minnesota.

53. Since 2009 Defendant has been telephoning Plaintiff's parent in Minnesota, and engaging in impermissible communications.

54. When Defendant first called Plaintiff's parents home they were informed Ms. Wangen was not living at that address, yet Defendant continued to call Plaintiff's parents home and engage in impermissible communications.

55. In September and October 2011 Defendant telephoned Plaintiff's parents in Minnesota on numerous occasions.

56. Defendant would leave messages on Plaintiff's parents voice messaging machine, indicating they were calling to collect a debt, and requesting a return call. The messages were very similar to one another, as if from a script.

57. Messages were also left indicating Defendants were attempting to collect a debt from Plaintiff, despite the fact Defendants knew Plaintiff was not at that address.

58. In the Fall of 2011 Defendant would call Plaintiff's parents around two to four (2-4) times per week.

59. Defendant's calls to Plaintiff's parents continued in November and December of 2010.

60. Defendant telephoned Plaintiff's parents on November 14, December 6, December 16, December 17, December 19, December 21.

61. Defendant left messages for Plaintiff's parents at least 7 times between December 27, 2011 and March 5, 2012.

62. Defendant's telephone calls to Plaintiff's parents continued in 2012, including on March 6, March 9, March 17, and March 22.

63. Calls to Plaintiff's parents continued between March 18-29; with Defendant also leaving multiple messages, including one on March 22, 2012.

64. Defendant engaged in impermissible communications with third parties.

65. Defendant engaged in false, deceptive and/or unfair practices in an attempt to collect a debt.

66. Defendants threatened to take, and took action, they were not allowed to take.

Complaint and Demand for Jury Trial (Unlawful Debt Collection Practices)

67. Defendant intruded upon Plaintiff's privacy and seclusion.

68. Defendant used unfair or unconscionable means to collect the debt.

69. As a direct and proximate result of Defendants' outrageous conduct, its acts and omissions, Plaintiff injury as described above.

70. Defendants' actions were purposeful, malicious, and willful.

71. Defendants purposefully acted to defraud the Plaintiff.

72. Defendants acted to oppress the Plaintiff.

73. Defendants acted with malice towards the Plaintiff.

74. Defendants acted with a conscious disregard for the Plaintiff's right.

75. The acts complained of above are part of a pattern and practice of harassment by Defendants.

## IV. FIRST CAUSE OF ACTION - FDCPA

76. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

77. The foregoing acts and omissions constitute unfair or deceptive and/or unconscionable trade practices made unlawful pursuant to federal Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq., including but not limited to those outlined below.

78. Defendants' acts and omissions violated the FDCPA, 15 U.SC. 1692 et seq., including but not limited to 15 U.S.C. §§ 1692b, 1692c, 1692d, 1692e, 1692f.

79. Defendants engaged in impermissible communications with a third party in violation of 15 U.S.C. §§ 1692b, 1692c, and 1692c(b).

80. Defendants failed to cease communicating in an attempt to collect a debt in violation of 15 U.S.C. 1692c.

81. Defendants engaged in conduct the natural consequences of which was to harass, oppress or abuse Plaintiff and others in violation of 15 U.S.C. §1692d.

82. Defendants used false, deceptive or misleading representation or means in connection with the collection of the debt in violation of 15 U.S.C. §1692e.

83. Defendant communicated credit information which is known or which should be known to be false in violation of 15 U.S.C. 1692e(8).

84. Defendants misrepresented the nature, amount and character of a debt in violation of 15 U.S.C. 1692e(2).

85. Defendants made false, deceptive and misleading statements about the character, amount and status of a debt, and attempted to collect an amount not owed by law or agreement, in violation of 15 U.S.C. 1692e(2) and 1692f.

86. Defendants threatened to take action that it did not intend to take in violation of 15 U.S.C. §1692e(5).

87. Defendants made false, deceptive, and misleading statements in an attempt to collect the debt in violation of 15 U.S.C. §1692e(10).

88. Defendants used unfair or unconscionable means to collect the debt in violation of 15 U.S.C. §1692f.

89. Defendants' violations of the FDCPA were willful and knowing. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## V. SECOND CAUSE OF ACTION - CALIFORNIA FDCPA

90. Plaintiff repeats, realleges and incorporates by reference all of foregoing paragraphs.

91. The foregoing acts and omissions constitute unfair or deceptive and/or unconscionable trade practices made unlawful pursuant to the California Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 et seq., including but not limited to those outlined below.

92. Defendants violated Civil Code § 1788.17, which requires "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j" of Title 15 United States Code (FDCPA).

93. Pursuant to Cal. Civil Code § 1788.32, the remedies under Civil Code are intended to be cumulative and in addition to any other remedies under any other law.

94. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, attorney's fees and costs pursuant to California Civil Code §1788.30.

## VI. THIRD CAUSE OF ACTION
## CALIFORNIA CONSUMER CREDIT REPORTING ACT
## (CAL. CIV. CODE § 1785.25)

95. Plaintiff repeats the foregoing paragraphs as if fully reinstated herein.

96. Defendants' acts and omissions violated Civil Code § 1785.25 including, but not limited to the below.

97. Defendants willfully and maliciously furnished the inaccurate information to a credit reporting agency it knew was incomplete and/or inaccurate, in violation of Cal. Civ. Code § 1785.25(a).

98. Plaintiff is entitled to actual damages, attorneys' fees, costs, punitive damages and injunctive relief, pursuant to Cal. Civ. Code § 1785.31, as a result of Defendants' willful and malicious conduct.

## VII. FOURTH CAUSE OF ACTION– INVASION OF PRIVACY
### (By Intrusion Upon Seclusion)

99. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

100. Defendants' outrageous, abusive, and undignified acts as described herein constituted intrusion upon Plaintiff's seclusion.

101. Defendants intruded upon the solitude or seclusion, private affairs or concerns of Plaintiff.

102. The intrusion was substantial, and of a kind that would be highly offensive to an ordinary reasonable person.

103. The intrusion caused Plaintiff to sustain injury, damage, loss or harm in the form of emotional distress mentioned above.

104. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages in an amount to be determined by proof and a finder of fact at trial.

105. Defendants acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

## VIII. FIFTH CAUSE OF ACTION - DEFAMATION

102. Defendants maliciously published false and defamatory statements about Plaintiffs in that, within one year of the filing of this action, Defendants have falsely informed Experian and Trans Union that Plaintiff was delinquent on an alleged debt.

103. Defendants have falsely informed Experian and Transunion that Plaintiffs owed $304 to National Credit Solutions.

10

Complaint and Demand for Jury Trial (Unlawful Debt Collection Practices)

104. Defendants have falsely informed Experian and Trans Union that Plaintiff was past due on a debt in the amount of $304 to National Credit.

105. Defendants falsely reported to Experian and Trans Union that Plaintiff owed a debt to Pacific Bell.

106. Defendants falsely reported to Experian and Trans Union that Plaintiff owed a debt to Pacific Bell in the amount of $198.

107. Defendants false statements inherently label Plaintiff a bad credit risk.

108. Defendant's false statements are defamatory on their face, and constitute libel per se.

109. Defendant's false statements are defamatory and constitute libel.

110. Defendants did not have just cause or excuse for such defamatory statements.

111. Defendants knew or should have known that their statements were false.

112. Defendant's false statements are injurious to the Plaintiffs' reputation, esteem and good will. Along with other damages, Defendants' false statements caused the Plaintiff to lose opportunities to obtain credit upon the most favorable terms. Along with other damages as further alleged herein, Defendants' false statements also caused the Plaintiff to suffer emotional distress and Plaintiff seeks compensation for such in an amount to be determined upon the trial of this action.

## XII. SIXTH CAUSE OF ACTION – NEGLIGENCE

113. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

114. Defendants' outrageous, abusive and intrusive acts as described herein constituted negligent infliction of emotional distress.

115. Plaintiff suffered (1) serious emotional distress, (2) actually and proximately caused by (3) wrongful conduct (4) by a defendant who should have foreseen that the conduct would cause such distress.

116. Defendants' conduct as described herein was wrongful conduct in that the Defendants conducted their business in an abusive, oppressive, and harassing manner.

117. Defendants' actions and omissions as described herein constitute negligence in that Defendants owed Plaintiff a duty of reasonable care in the collection of the alleged debt, and use of the telephone in an attempt to collect such debts, said duties were breached, and said breach was the proximate cause of damages suffered by Plaintiff.

118. Defendants owed a duty to refrain from outrageous and unlawful conduct in connection with their attempts to collect a debt.

119. Defendants' actions and omissions demonstrate a conscious disregard of the rights or safety of others, and constitute despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregards of her rights.

120. Plaintiff suffered damages due to Defendants' actions in an amount to be determined at trial.

121. Defendants actions were willful and malicious.

122. Plaintiff is entitled to punitive damages for the actions and omissions of the Defendants as described herein.

## XVIII. PRAYER

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

    (a) Statutory and actual damages pursuant to 15 U.S.C. §1692k, California Civil Code §1788.17, and California Civil Code §1788.30;

    (b) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k, California Civil Code §1788.17 and §1788.30;

    (c) Actual and punitive damages; and

    (d) Injunctive relief;

    (e) For such other and further relief as the Court may deem just and proper.

Dated: 5/1/12

Ronald Wilcox, Attorney for Plaintiff

Complaint and Demand for Jury Trial (Unlawful Debt Collection Practices)

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

Dated: 5/1/12

_____
Ronald Wilcox, Attorney for Plaintiff

Name & Address:  Ronald Wilcox, Esq. #176601
1900 The Alameda, Suite # 530
San Jose, CA 95126
TELE: (408)296-0400
FAX:(408)296-0486

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| KERRY WANGEN | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV12-03889 RZ |
| v. | |
| NATIONAL CREDIT SOLUTIONS, LLC., CAPITAL ASSISTANCE GROUP, LLC., AND DOES 1-10. | SUMMONS |
| DEFENDANT(S). | |

TO:   DEFENDANT(S):  NATIONAL CREDIT SOLUTIONS, LLC.
3680 E I-240 Service Road
Oklahoma City, OK 73135

CAPITAL ASSISTANCE GROUP, LLC.
Two Wells Avenue
Newton, MA 02459

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Ronald Wilcox_____, whose address is _1900 The Alameda, Suite 530, San Jose, CA 95126._____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated:   MAY - 3 2012

Clerk, U.S. District Court

By: _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                    SUMMONS

Name & Address: Ronald Wilcox, Esq. #176601
1900 The Alameda, Suite # 530
San Jose, CA 95126
TELE: (408)296-0400
FAX:(408)296-0486

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY WANGEN<br><br>PLAINTIFF(S)<br>v.<br>NATIONAL CREDIT SOLUTIONS, LLC., CAPITAL ASSISTANCE GROUP, LLC., AND DOES 1-10.<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV12-03889 PZ<br><br>SUMMONS |

TO: DEFENDANT(S):  NATIONAL CREDIT SOLUTIONS, LLC.        CAPITAL ASSISTANCE GROUP, LLC.
3680 E I-240 Service Road                                    Two Wells Avenue
Oklahoma City, OK 73135                                      Newton, MA 02459

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Ronald Wilcox_____, whose address is __1900 The Alameda, Suite 530, San Jose, CA 95126,_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

MAY - 3 2012

Clerk, U.S. District Court

Dated: _____       By: __JULIE PRADO_____
                                            Deputy Clerk
                                            (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

KERRY WANGEN

**DEFENDANTS**

NATIONAL CREDIT SOLUTIONS, LLC., CAPITAL ASSISTANCE GROUP, LLC., AND DOES 1-10.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Ronald Wilcox, Esq. #176601  Tele: (408)296-0400
1900 The Alameda, Suite 530  Fax: (408)296-0486
San Jose, CA 95126

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. 1692 et seq. violations of Fair Debt Collection Practices Act & California Civil Code 1788 et seq viol., Unlawful collection practices

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☑ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: CV12-03889

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                                ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                                ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                                ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Oaklahoma County, OK and Middlesex County, MA |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _/s/_____   Date 5/1/2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |